**REESE LLP**
Michael R. Reese
*mreese@reesellp.com*
George V. Granade
*ggranade@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile:  (212) 253-4272

-   *and* -

**THE LAW OFFICE OF
DAVID C. DEAL, P.L.C.**
David C. Deal
P.O. Box 1042
Crozet, Virginia 22932
Telephone:  (434) 233-2727

*Counsel for Plaintiff
and the Proposed Class*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| GABRIELLE BARTON, d/b/a BREE WRIGHT, as an individual, and on behalf of all others similarly situated, | : : : : |
| Plaintiff, | : : |
| v. | : Civil Action No.: 19-cv-1213 |
| SEQUEL MEDIA INTERNATIONAL, LLC, ANSWER MEDIA LLC, BLOOMJOY, INC., and JASON MILETSKY, | : CLASS ACTION COMPLAINT : : JURY TRIAL DEMANDED |
| Defendants. | : |

_____

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff GABRIELLE BARTON, also known as BREE WRIGHT ("Barton" or "Plaintiff"), brings this complaint on her own behalf and all other similarly situated against SEQUEL MEDIA INTERNATIONAL, LLC ("Sequel"), ANSWER MEDIA LLC ("Answer"), BLOOMJOY, INC. ("Bloomjoy") and JASON MILETSKY ("Miletsky") (together "Defendants") alleging as follows:

PARTIES

1. Barton is a free-lance writer specializing in subject matters relevant to young women. Barton is a regular contributor to numerous online media outlets, including PuckerMob (www.puckermob.com). Barton resides in Fayetteville, North Carolina.

2. On information and belief, Sequel Media is a limited liability corporation existing under the laws of the State of Delaware, with headquarters in New York, New York. Sequel Media owns and operates online publications, including PuckerMob, a general interest news, information, and advice online publication targeted to millennials.

3. On information and belief, Answer is a Kansas Limited Liability Company existing under the laws of the State of Kansas, with headquarters in Kansas City, Kansas. Answer is a digital media and advertising company.

4. On information and belief, Bloomjoy is a Corporation existing under the laws of the State of Delaware, with headquarters in San Francisco, California.

5. On information and belief, Miletsky is the Founder and CEO of Sequel.

## JURISDICTION AND VENUE

6. This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

7. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

8. Personal jurisdiction and venue are proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, and multiple Defendants reside in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

9. Defendants own and operate the PuckerMob website, www.puckermob.com ("Website"), by employing free-lance contributors, who are compensated by Defendants according to the rates based on the number of "views," "likes," "comments," and "shares" by online viewers of the contributors' work displayed on Website.

10. Compensation by Defendants to Barton and other contributors varied between $0.15 CPM (Cost per Mille, or 1,000 "views" or "likes") and $1.50 CPM. "Comments" were compensated at three times CPM. "Shares" were compensated at three times CPM.

11. Barton and other contributors created original writings such as short articles on trending topics focused on issues concerning young women.

12. Defendants organize and display contributors' work on Website using several headings, including "Trending," "Lifestyle," "Relationships," and "Style."

13. On February 20, 2016, Barton began contributing work to Website.

14. Between February 20, 2016 and November 20, 2017, Barton and other class members authored and numerous original writings ("Article" or "Articles") to PuckerMob.

15. Barton contributed Articles to PuckerMob under the pseudonym, "Bree Wright."

16. At all times, from the date of creation to the present, Barton has maintained sole copyright to her Articles.

17. Barton, like all contributors to PuckerMob, was assigned and given access to her own individualized, online account page ("Account Page") from which she could access statistics for Articles, including "views," "likes," "comments," and "shares," as well as corresponding income generated from each Article. Account Page also displayed each payment made from Defendants to Barton.

18. On February 8, 2018, Defendants explicitly refused to compensate Barton for the display of her Articles, nor remove Barton's copyrighted Articles from Website. Defendants have likewise refused to compensate other class members for their Articles.

19. On February 26, 2018, Barton demanded the immediate removal of her Articles from Website.

20. Despite numerous demands from Barton to Defendants to remove Barton's Articles from Website, Defendants have refused. As of the date of this filing, all Articles authored by Barton (see Exhibit 2) remain online and viewable to the public..

21. Since February 8, 2018, Defendants have continued to profit from their display of Barton's Articles on Website since Defendants stopped compensating Barton for Articles.

22. On or about July 1, 2018, Sequel was acquired by Answer and Bloomjoy, including all assets and liabilities.

23. On or about July 1, 2018, Sequel transferred ownership and control of the Website to Answer and Bloomjoy.

24. On January 29, 2019, Barton deposited copies of Articles, titled "The Ramblings of Bree Wright," with the United States Copyright Office and paid the required registration fee in accordance with 17 U.S.C. §§ 408-9, 708.

25. Plaintiff received a receipt (Case Number 1-7370454421) from the United States Copyright Office for her registration application for Articles.

26. As of this filing, Barton has not been paid for Articles produced for, delivered to, and currently displayed by Defendants on Website.

27. As of the date of this filing, Barton's Articles have not been removed from Website.

28. As of the date of this filing, Defendants have replaced at least one credit line for Barton's Articles with an incorrect credit line.

## CLASS ACTION ALLEGATIONS

29. Pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of herself and a proposed class defined as follows:

    > **The Injunctive Relief Class.** All persons whose work was used by Defendants without proper compensation during the applicable Class Period.
    >
    > Plaintiffs ask the Court to adjudicate only liability, declaratory relief, and injunctive relief through the Injunctive Relief Class. The Injunctive Relief Class does not seek any form of monetary relief.
    >
    > Excluded from the Injunctive Relief Class are: (a) Defendants, Defendants' board members, executive-level officers, and attorneys, and immediately family members of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

30. Additionally, pursuant to Rule 23(a) and (b)(3), Plaintiff bring this action on behalf of herself and a proposed class defined as follows:

> **The Monetary Relief Class.** All persons whose work was used by Defendants without proper compensation during the applicable Class Period.
>
> Plaintiff asks the Court to adjudicate all forms of relief through the Monetary Relief Class.
>
> Excluded from the Monetary Relief Class are: (a) Defendants, Defendants' board members, executive-level officers, and attorneys, and immediately family members of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

31. Collectively, the Injunctive Relief Class and the Monetary Relief Class are the "Class.

32. Plaintiff reserves the right to alter the Class definitions as she deems necessary at any time to the full extent that the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and applicable precedent allow.

33. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of the claims on a class-wide basis using the same evidence as individual Class members would use to prove those elements in individual actions alleging the same claims.

34. <u>Numerosity; Rule 23(a)(1)</u>: The size of the Class is so large that joinder of all Class members is impracticable. Due to the nature of Defendant's business, Plaintiff believe there are hundreds of Class members geographically dispersed throughout the United States.

35. <u>Existence and Predominance of Common Questions of Law and Fact; Rule 23(a)(2), (b)(3)</u>: There are questions of law and fact common to the Class. These questions predominate over any questions that affect only individual Class members.

36. Common legal and factual questions include but are not limited to:

    a.  whether Defendants engaged in the course of conduct alleged herein;

    b.  whether Defendants' conduct constitutes violation of the copyright laws;

    c.  whether Plaintiff and the Class members are entitled to actual, statutory, or other forms of damages and other monetary relief; and

    d.  whether Plaintiff and the Class members are entitled to injunctive relief or equitable relief, including equitable restitution.

37. Defendants engaged in a common course of conduct in contravention of the laws Plaintiff seeks to enforce individually and on behalf of the Class members. Similar or identical violations of law, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action. Moreover, the common questions will yield common answers that will materially advance the litigation.

38. Typicality; Rule 23(a)(3): Plaintiff's claims are typical of the claims of the Class members because Defendant injured all Class members through the uniform misconduct described herein and Plaintiff seeks the same relief as the Class members. Furthermore, there are no defenses available to Defendants that are unique to Plaintiff.

39. Adequacy of Representation; Rule 23(a)(4): Plaintiff is a fair and adequate representative of the Class because Plaintiff's interests do not conflict with the Class members' interests.Plaintiff has selected competent counsel that are experienced in class action and other complex litigation. Plaintiff will prosecute this action vigorously and is highly motivated to seek redress against Defendant. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the resources to do so.

40. <u>Injunctive or Declaratory Relief; Rule 23(b)(2)</u>: The requirements for maintaining a class action pursuant to Rule 23(b)(2) are met, as Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

41. <u>Superiority; Rule 23(b)(3)</u>: The class action mechanism is superior to other available means for the fair and efficient adjudication of this controversy for reasons including but not limited to the following:

   a. The damages individual Class members suffered are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendants' conduct.

   b. It would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if Class members themselves could afford such individual litigation, the court system could not. Individualized litigation would unnecessarily increase the delay and expense to all parties and to the court system and presents a potential for inconsistent or contradictory rulings and judgments. By contrast, the class action device presents far fewer management difficulties, allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

   c. The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendants.

   d. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications or that would substantively impair or impede their ability to protect their interests.

42. <u>Notice</u>: Plaintiff and her counsel anticipate that notice to the proposed Class will be effectuated through recognized, Court-approved notice dissemination methods, which may include United States mail, electronic mail, Internet postings, and/or published notice.

## FIRST CLAIM

### Infringement of Copyright Pursuant to 17 U.S.C. § 101 et seq.

43. Barton incorporates herein by this reference each and every allegation contained in each paragraph above.

44. Barton is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright with respect to Articles, which are the subject of a valid and complete application before the United States Copyright Office for Certificate of Copyright Registration by the Register of Copyrights.

45. Among the exclusive rights granted to Barton and other class members under the Copyright Act are the exclusive rights to reproduce and distribute the Articles to the public.

46. Barton is informed and believes Defendants, without the permission or consent of Barton and other class members, copied and used Articles on Defendant's commercial website, www.puckermob.com. In doing so, Defendants violated Barton's and other class members exclusive rights of reproduction and distribution. Defendants' actions constitute infringement of Barton's and other class members' copyright and exclusive rights under copyright.

47. Upon information and belief, Miletsky is the dominant influence in Sequel, and determined and/or directed the policies that led to the infringements complained of herein. Accordingly, Miletsky is jointly and severally liable for any direct copyright infringement committed by Sequel. *See Broad. Music, Inc. v. It's Amore Corp.*, No. 3:08CV570, 2009 WL 1886038 (M.D. Pa. June 30, 2009), citing *Sailor Music v. Mai Kai of Concord, Inc.*, 640 F. Supp. 629, 634 (D.N.H.1984). Upon further information and belief, Miletsky maintained the right and ability to control the infringing activities of Sequel, and had a direct financial interest in those activities by virtue of his equity ownership in the companies. Accordingly, Miletsky is

vicariously liable for any copyright infringement committed by Sequel. *See, e.g., Broad. Music, Inc. v. Tex Border Mgmt.*, 11 F. Supp. 3d 689, 693-94 (N.D. Tex. 2014).

48. Barton is informed and believes that the foregoing act of infringement was willful and intentional, in disregard of and with indifference to the rights of Barton.

49. As a result of Defendants' infringement of Barton's copyright and exclusive rights under copyright, Barton is entitled to actual damages, including any profits realized by Defendants attributable to the infringement, pursuant to 17 U.S.C. § 504 for Defendants' infringement of Articles.

## SECOND CLAIM

**Removal and Alteration of Integrity of Copyright Management Information
Pursuant to 17 U.S.C. § 1202**

50. Barton is informed and believes that Defendant, without the permission or consent of Barton and other class members, knowingly and with the intent to conceal infringement, provided copyright information management information that was false before displaying Barton's and other class members' Articles on Defendants' website, www.puckermob.com. In doing so, Defendant violated 17 U.S.C. § 1202(a)(1) and (b)(1).

51. As a result of Defendants' actions, Barton and other class members are entitled to actual damages or statutory damages pursuant to 17 U.S.C. § 1203(c). Barton and other class members are further entitled to her attorneys' fees and costs pursuant to 17 U.S.C. § 1203(b)(5).

## THIRD CLAIM

**Violation of New York's Consumer Protection from Deceptive Acts and Practices Act**
**N.Y. GEN. BUS. LAW § 349**

52. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

53. Plaintiff bring this claim on behalf of the Class for violation of New York General Business Law section 349.

54. Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" in New York. N.Y. GEN. BUS. LAW § 349(a).

55. Defendants' conduct described above constitute "deceptive" acts and practices."

56. In accordance with subsection (h) of section 349, Plaintiff seeks an order enjoining Defendants from continuing the unlawful deceptive acts and practices discussed above. Absent enjoining the unlawful deceptive acts and practices, Defendants will continue its false and misleading marketing, causing irreparable harm each of the Class members.

57. As a consequence of Defendants' deceptive acts and practices, Plaintiff and the Class members suffered an ascertainable loss of monies. By reason of the foregoing, Plaintiff and the New York Class members seek actual damages or statutory damages of $50 per violation, whichever is greater, as well as punitive damages. N.Y. GEN. BUS. LAW § 349(h).

58. Therefore, Plaintiff prays for relief as set forth below.

# FOURTH CLAIM

**Violation of New York's Consumer Protection from Deceptive Acts and Practices Act**
**N.Y. Gen. Bus. Law § 350**

59. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

60. Plaintiff bring this claim on behalf of the Class for violation of New York General Business Law section 350.

61. Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service" in New York. N.Y. Gen. Bus. Law § 350.

62. New York General Business Law section 350-a defines "false advertising" as "advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect." N.Y. Gen. Bus. Law § 350-a(1).

63. Section 350-a also provides that advertising can be false by omission, as it further states that "[i]n determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual." *Id.*

64. Defendants' misrepresentations above that it would compensate Class members, as alleged herein, are "misleading in a material respect," and thus "false advertising".

65. Plaintiff seeks an order enjoining Defendants from continuing this false advertising.

66. As a direct and proximate result of Defendant's violation of New York General Business Law section 350, Plaintiff and the Class members have also suffered an ascertainable loss of monies. By reason of the foregoing, Plaintiff and the Class members also seek actual damages or statutory damages of $500, whichever is greater, as well as three times actual damages if the court finds Defendant willfully or knowingly violated section 350 and punitive damages. N.Y. GEN. BUS. LAW § 350-e(3).

67. Therefore, Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the members of the Class, respectfully request that the Court enter an Order:

A. certifying the proposed Class under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), as set forth above;

B. declaring that Defendants are financially responsible for notifying the Class members of the pendency of this suit;

C. Declaring that Defendants' unauthorized conduct violates class members' rights under the Federal Copyright Act;

D. Immediately and permanently enjoining Defendants, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing class members' work without consent or otherwise infringing class members' copyright or other rights in any manner;

E. Ordering Defendants to account to for all gains, profits, and advantages derived by Defendants by their infringement of class members' copyright or such damages as are proper;

F. Awarding actual damages and statutory damages for Defendants' copyright infringement in an amount to be determined at trial;

G. Awarding costs, reasonable attorneys' fees, and disbursements in this action; and

H. Awarding such other and further relief as is just and proper.

JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated: February 7, 2019

REESE LLP

*/s/ Michael R. Reese*
Michael R. Reese
*mreese@reesellp.com*
George V. Granade
*ggranade@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile:  (212) 253-4272

THE LAW OFFICE OF
DAVID C. DEAL, P.L.C.
David C. Deal
P.O. Box 1042
Crozet, Virginia 22932
Telephone:  (434) 233-2727

*Counsel for Plaintiff
and the Proposed Class*