# REESE LLP

August 16, 2019

**Via CM/ECF**

Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2102
New York, New York  10007

Re:   *Barton v. Sequel Media International, LLC*, No. 1:19-cv-01213-AJN (S.D.N.Y.)

Dear Judge Nathan:

My firm and our co-counsel represent Plaintiff Gabrielle Barton ("Plaintiff") in the above-referenced action. Pursuant to the Court's Order of August 7, 2019, ECF No. 17, I write regarding Plaintiff's efforts to effectuate service of process on Defendants Sequel Media International, LLC, Answer Media LLC, Bloomjoy, Inc., and Jason Miletsky.

Pursuant to Federal Rule of Civil Procedure 4(m):

If a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). The United States Court of Appeals for the Second Circuit has "interpreted this rule to give wide latitude to courts in deciding when to grant extensions on time to serve, including permitting courts to grant extensions even absent good cause." *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010) (citing *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)); *accord Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012). "Factors relevant to the exercise of this discretion include, *inter alia*, the relative prejudice to the parties (including whether the action would be barred by the statute of limitations and whether defendant had actual notice of the suit) and whether there is a 'justifiable excuse' for the failure properly to serve." *Mares v. United States*, 627 F. App'x 21, 23 (2d Cir. 2015) (summary order).

Plaintiff's process server mailed a certified letter to 568 Broadway, New York, New York, 10012, which is the address listed for Department of State ("DOS") Process for Sequel Media International, LLC, on the website of the Division of Corporations of the New York Department of State. *See* NYS DEP'T OF STATE, DIV. OF CORPS., *Entity Information: Sequel Media International, LLC*, APPEXT20.DOS.NY.GOV (Aug. 15, 2019),

Letter to Honorable Alison J. Nathan
August 16, 2019
Page 2 of 2

https://appext20.dos.ny.gov/corp_public/corpsearch.entity_search_entry (search using Name Type "All" for Sequel Media International, LLC). The package was returned as undeliverable. According to the New York Division of Corporations, Sequel Media International, LLC, was dissolved as of December 10, 2018. *Id.*

Plaintiff served process on Answer Media LLC on August 2, 2019, and has filed an Affidavit of Service, ECF No. 18.

Plaintiff served process on Bloomjoy, Inc., on August 5, 2019, via a process server. The process server is delivering the proof of service to Plaintiff by mail. Plaintiff has requested a scan of the proof of service in an effort to receive it more quickly. Plaintiff respectfully requests an extension of the deadline to file the proof of service on Bloomjoy, Inc., to August 23, 2019.

Plaintiff's counsel emailed Jason Miletsky copies of the Complaint and Summons shortly after filing this case. Plaintiff's counsel has had numerous email communications with Mr. Miletsky, most of which acknowledge him receiving a copy of the Complaint and Summons. Plaintiff respectfully requests an extension of the deadline to file proof of service on Jason Miletsky to August 23, 2019.

                Respectfully submitted,

                Michael R. Reese

Cc: All counsel of record, via CM/ECF